**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLOS BUSH,

    Plaintiff,

v.                                              Case No. 3:19-cv-869-J-32PDB

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this action by filing a pro se Civil Rights Complaint (Docs. 1; 2). He is proceeding as a pauper, see Doc. 5, on an Amended Complaint, see Doc. 9. He sues the following three Defendants in their individual capacities: Correctional Officer Ms. Hoover, Sergeant R. Morris, and the Florida Department of Corrections.

Plaintiff alleges that Defendants Hoover and Morris violated his Eighth Amendment rights by failing to protect him from violence at the hands of other prisoners. He argues that on May 14, 2019, he notified Defendants Hoover and Morris on three occasions about other inmates threatening him with bodily harm. However, according to Plaintiff, each time he asked for help, Defendants Hoover and Morris told Plaintiff he should not be worried, asked Plaintiff to stop asking for help, or told Plaintiff their shift was ending soon and to tell someone else. Plaintiff asserts that Defendants Hoover and Morris' failure to protect him resulted in him being sexually assaulted and suffering physical and emotional injuries.

He also sues the FDOC in its "individual capacity," alleging the FDOC "has a responsibility to hire and train qualified correctional officer[s], these 2 correctional officers that was hired by [FDOC] have violated policy that they would protect inmates from danger. This negligence resulted in . . . [Plaintiff] being assaulted and sexual[ly] violated . . . ." Plaintiff seeks "relief in the sum of $50,000 from each Defendant."

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or

2

inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Petitioner sues the FDOC in its "individual capacity." However, state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of state government, see Fla. Stat. § 20.315, and thus, is not a person subject to an individual capacity claim under § 1983.

To the extent, Plaintiff predicates liability on the FDOC as a governmental entity, the FDOC may be liable under § 1983 for failing to train Defendants Hoover and Morris if: (1) the FDOC inadequately trains or supervises its employees; (2) this failure to train or supervise is a policy of the FDOC; and (3) that policy causes the

3

employees to violate a person's constitutional rights. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Because a governmental entity will rarely have an express policy of inadequately training or supervising its employees, a plaintiff may prove such a policy by showing that the entity's failure to train or supervise evidenced a deliberate indifference to the rights of its citizens. Gold, 151 F.3d at 1350. "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Id. A claim concerning an isolated incident is generally insufficient to sustain a claim for failure to train; rather, there must be evidence "of a history of widespread prior abuse" such that the FDOC was "on notice of the need for improved training or supervision." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990); see also Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put the city on notice of a need to train).

Plaintiff fails to adequately allege a failure to train claim against Defendant FDOC as a governmental entity. Rather than alleging that the FDOC has a policy of inadequately training its employees to protect inmates from abuse by other inmates, Plaintiff states that the FDOC has a policy to protect inmates from danger and that Defendants Hoover and Morris violated that policy. Plaintiff further fails to allege that the FDOC knew of a need to train and/or supervise its officers regarding this type of abuse and made a deliberate decision to not train its officers. He does not allege that

there is a history of similar and widespread constitutional violations, which would have put the FDOC on notice of the need to correct it. Instead, the allegations in the Amended Complaint allege no more than a related set of facts that occurred on a single day. As such, the sole claim against the FDOC is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The claims against the Florida Department of Corrections are **DISMISSED without prejudice**, and the Clerk shall terminate the Florida Department of Corrections as a Defendant in this case.

2. A separate Order will enter regarding service of process on the remaining Defendants.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of December, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Carlos Bush, #23598-076

5